in the attached schedule, less the additions made by the importer on entry because of advances by the appraiser in similar cases, is equal to the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise is no higher.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals relate to all other merchandise they are hereby dismissed.

Judgment will be rendered accordingly.

S. STERN, STINER & CO., INC. ET AL. *v.* UNITED STATES

**No. 6325.**—Invoices dated Stoke on Trent, England, March 7, 1941, etc.
Certified March 10, 1941, etc.
Entered at New York, N. Y., June 13, 1941, etc.
Entry No. 768397, etc.

(Decided August 22, 1946)

*Brooks & Brooks* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the merchandise consisting of earthenware and chinaware and the issues in the appeals for reappraisement listed in the attached schedule are the same in all material respects as the merchandise and issues decided in *United States* v. *Wm. S. Pitcairn Corp.*, Suit No. 4513, C. A. D. 334, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised value of the merchandise consisting of earthenware and chinaware involved in each of the cases enumerated in the attached schedule, less the additions made by the importer on entry because of advances by the appraiser in similar cases, is equal to the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise is no higher.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals relate to all other merchandise they are hereby dismissed.

Judgment will be rendered accordingly.

FISHER, BRUCE & Co. v. UNITED STATES

**No. 6326.**—Invoices dated Longton, England, September 5, 1941, etc.
Certified September 5, 1941, etc.
Entered at Philadelphia, Pa., October 13, 1941, etc.
Entry No. 1056, etc.

(Decided August 22, 1946)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the merchandise consisting of earthenware and chinaware and the issues in the appeals for reappraisement listed in the attached schedule are the same in all material respects as the merchandise and issues decided in *United States* v. *Wm. S. Pitcairn Corp.*, Suit No. 4513, C. A. D. 334, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised value of the merchandise consisting of earthenware and chinaware involved in each of the cases enumerated in the attached schedule, less the additions made by the importer on entry because of advances by the appraiser in similar cases, is equal to the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise is no higher.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the